Filing # 120450925 E-Filed 01/28/2021 06:35:19 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

| | |
|---|---|
| STEVE DAWYRSON REYES,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF JACKSONVILLE BEACH, a body politic and corporate; HANNAH HOWELL, individually; BRIAN WALLACE, individually; and RANDY BLALOCK, individually.<br><br>    Defendant. | Case No.:<br>Division:<br><br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, STEVE DAWYRSON REYES ("Plaintiff"), by and through his undersigned Counsel, and hereby sues THE CITY OF JACKSONVILLE BEACH ("Jacksonville Beach"), Florida; HANNAH HOWELL ("HOWELL"), individually; BRIAN WALLACE ("WALLACE"), and RANDY BLALOCK ("BLALOCK"), individually; and alleges the following:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000.00, exclusive of costs, interest, and attorney fees, and is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and Florida law.

2. Venue in this court is proper. All events giving rise to Plaintiff's claims occurred in Duval County, Florida.

3. Plaintiff provided Jacksonville Beach with written pre-suit notice of his claim, pursuant to FLA. STAT. § 768.28 on June 29, 2017.

1

4. Plaintiff has retained the undersigned Counsel and agreed to pay a reasonable fee and costs in connection with this litigation.

**PARTIES**

5. At all times material hereto, Plaintiff was a private individual, citizen and resident of Duval County, Florida.

6. At all times material, Jacksonville Beach exercised overall responsibility for the policies, training, instruction, supervision, customs, practices, discipline, control and conduct of all law enforcement officers employed by Jacksonville Beach Police Department (the "JBPD"). Jacksonville Beach made policy for the JBPD with respect to searches, seizures, arrests and use of force.

7. At all times material hereto, HOWELL and BLALOCK, WALLACE were acting under color of state law as sworn JBPD officers and, in such capacity, as agents, servants, and employees of Jacksonville Beach.

**GENERAL ALLEGATIONS**

8. On or about January 29, 2017, HOWELL arrested and intentionally handcuffed Plaintiff for Trespass, a first-degree misdemeanor pursuant to FLA. STAT. § 843.02. This was a seizure for purposes of the Fourth Amendment to the United States Constitution.

9. The arrest was completed outside an establishment located at 514 N. 1st Street, Jacksonville Beach, FL.

10. Upon being handcuffed, Plaintiff complained to JBPD officers, including HOWELL and WALLACE, that the handcuffs were painfully too tight.

11. HOWELL'S intentional handcuffing of Plaintiff did amount to an intentional, harmful, or offensive touching of Plaintiff's person against Plaintiff's will.

12. HOWELL handcuffed Plaintiff unreasonably tightly.

13. Plaintiff repeatedly requested that his handcuffs be loosened but HOWELL failed to loosen the handcuffs. Additionally, WALLACE who was present and supervising HOWELL, failed to loosen the handcuffs or otherwise intervene.

14. By handcuffing Plaintiff unreasonably tightly and then failing to respond to Plaintiff's request to loosen the handcuffs, HOWELL and WALLACE did cause bodily harm to Plaintiff.

15. BLALOCK transported Plaintiff to the Duval County Pre-Trial Detention Facility from the location of the arrest. While in sitting in BLALOCK'S patrol vehicle and during transit, Plaintiff repeatedly complained that the handcuffs were painfully too tight. BLALOCK ignored Plaintiff's complaints and failed to intervene.

16. The force used by HOWELL in handcuffing Plaintiff in a manner that was too tight was objectively unreasonable.

17. As a direct and proximate cause of HOWELLS's battery, and WALLACE'S and BLALCOK'S failure to intervene, Plaintiff suffered severe bodily injury and emotional distress, which were reasonably foreseeable consequences of the battery.

18. All conditions precedent to Plaintiff's recovery in this action have occurred, accrued, or been waived as a matter of law.

**COUNT I**
**PLAINTIFF vs. HOWELL**
**Excessive Force – 42 U.S.C. §§ 1983, 1988**
**Excessive Force**

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18.

20. Plaintiff brings a claim pursuant to 42 U.S.C. §§ 1983 and 1988 against HOWELL in an individual capacity for deprivation of civil rights under color of state law.

3

21. HOWELL deprived Plaintiff of his Fourth Amendment right to be free from unreasonable seizure while acting under color of state law. Specifically, they deprived Plaintiff of his right to be free from the use of unreasonable force.

22. HOWELL, individually, used excessive and unreasonable force during their arrest of Plaintiff.

23. HOWELL'S conduct was objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

24. As a direct and proximate result of HOWELLS' conduct, Plaintiff has suffered grievously, including but not limited to severe physical injuries, permanent scarring, severe emotional distress, medical and legal costs and fees, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are permanent and continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.

**WHEREFORE**, Plaintiff demands judgment against HOWELL, individually, for the following:

a. Compensatory damages, including general and special damages;

b. Punitive damages

c. Costs;

d. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other and further relief as this Honorable Court deems just and appropriate.

**COUNT II**
**Plaintiff vs. Jacksonville Beach**
**Battery Under Florida Law**

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 18.

4

26. At all times material, HOWELL, WALLACE, and BLALCOK, were acting within the course and scope of their employment with Jacksonville Beach, and in furtherance of Jacksonville Beach's interests.

27. HOWELL, WALLACE, and BLALCOK were not acting in bad faith, with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety or property.

28. At all times material, HOWELL, WALLACE, and BLALCOK intended to cause bodily harm or offensive contact to Plaintiff, who suffered a harmful or offensive contact.

29. At all times material, Plaintiff did not consent to such bodily harm or offensive contact.

30. As a direct and proximate result of the HOWELL, WALLACE, and BLALCOK conduct, Plaintiff has suffered grievously, including but not limited to severe physical injuries, permanent scarring, severe emotional distress, medical and legal costs and fees, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are permanent and continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Jacksonville Beach, for the following:

   a. Compensatory damages, including general and special damages;
   b. Costs;
   c. Trial by jury as to all issues so triable; and
   d. Such other and further relief as this Honorable Court deems just and appropriate.

## COUNT III
### Plaintiff vs. WALLACE AND BLALOCK
### Excessive Force – 42 U.S.C. §§ 1983, 1988
### Failure to Intervene

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 18.

32. Plaintiff brings a claim pursuant to 42 U.S.C. §§ 1983 and 1988 against WALLACE AND HOWELL individual capacities, jointly and severally, for deprivation of civil rights under color of state law.

33. WALLACE AND BLALCOK witnessed HOWELL use excessive force upon Plaintiff, in violation of Plaintiff's clearly established constitutional rights.

34. WALLACE AND BLALCOK failed to intervene to protect Plaintiff from excessive force and deprivation of constitutional rights at the hands of the HOWELL, in spite of a duty to intervene for that purpose.

35. WALLACE AND BLALCOK were able to intervene to prevent the unconstitutional actions of HOWELL, but WALLACE AND BLALCOK failed to intervene.

36. No objectively reasonable law enforcement officer could have failed to intervene to prevent the unconstitutional actions of HOWELL.

37. WALLACE's AND BLALCOK's failure to intervene is in itself a violation of Plaintiff's constitutional rights and is actionable under 42 U.S.C. § 1983 and 1988.

38. WALLACE's AND BLALCOK's conduct was objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

39. As a direct and proximate result of the WALLACE's AND BLALCOK's conduct, Plaintiff has suffered grievously, including but not limited to severe physical injuries, permanent scarring, severe emotional distress, medical and legal costs and fees, pain and suffering, mental

anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are permanent and continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.

**WHEREFORE**, Plaintiff demands judgment against WALLACE AND BLALCOK, individually, for the following:

a. Compensatory damages, including general and special damages;

b. Punitive damages;

c. Costs;

d. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

e. Trial by jury as to all issues so triable; and

f. Such other and further relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a trial by jury on all issues so triable as of right.

Dated January 28, 21.

**ROSADA LAW, PLLC**

/s/ Miguel Rosada
MIGUEL A. ROSADA, ESQ.
Florida Bar No. 0085343
301 W. Bay Street, Suite 14th Floor
Jacksonville, FL  32202
Tel:    (904) 329-7233
Email: mrosada@yourrights.lawyer