**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEVE DAWYRSON REYES,

    Plaintiff,

v.   Case No.  3:21-cv-275-MMH-PDB

THE CITY OF JACKSONVILLE
BEACH, a body politic and
corporate; HANNAH HOWELL,
individually; BRIAN WALLACE,
individually; and RANDY
BLALOCK, individually,

    Defendants.

# O R D E R

**THIS CAUSE** is before the Court on Defendant [sic] Howell, Wallace, and Blalock's Motion to Dismiss First Amended Complaint (Doc. 19; Motion), filed on May 10, 2021.  In the Motion, the three individual Defendants, all Officers of the Jacksonville Beach Police Department (JBPD), seek dismissal of the claims raised against them by Plaintiff Steve Dawyrson Reyes in his First Amended Complaint and Demand for Jury Trial (Doc. 11; Amended Complaint).[1]  Reyes

---

[1]    Reyes initiated the instant action by filing a Complaint and Demand for Jury Trial (Doc. 3; Original Complaint) in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida on January 28, 2021.  Defendants timely removed the action to this Court by filing a Notice of Removal (Doc. 1) on March 12, 2021.  On March 30, 2021, Defendants Howell, Wallace, and Blalock moved to dismiss the Original Complaint, see Defendant Howell, Wallace, and Blalock's Motion to Dismiss (Doc. 7; First Motion to Dismiss) and on April 19,

filed a response in opposition to the Motion on June 1, 2021. See Response in Opposition to Defendant Howell, Wallace, and Blalock's Motion to Dismiss First Amended Complaint (Doc. 22; Response). Accordingly, this matter is ripe for the Court's consideration.

## I. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S.

---

2021, Reyes filed his Amended Complaint, which is the operative pleading in this action. The Court entered an Order (Doc. 12) the following day denying the First Motion to Dismiss as moot.

at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also BellSouth Telecomm., 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 679.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## II. Background[2]

In Count I of his Amended Complaint, Reyes alleges that Officer Howell violated his constitutional right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments when Howell used excessive force in executing her arrest of Reyes. Amended Complaint at 4-5. In Count III, Reyes alleges that Officers Wallace and Blalock failed to intervene to prevent Howell's violation of his constitutional right to be free from the use of excessive force. See id. at 6-7. As to the underlying facts of his claims, Reyes asserts that on or about January 29, 2017, Officer Howell arrested him for trespassing, a first-degree misdemeanor. Id. at 2. Reyes maintains that he "had not entered or been on the premises of 514 N. 1st Street, Jacksonville Beach, FL" and that Officer Howell did not have probable cause to arrest him in the first place. Id. at 3. Nevertheless, Reyes contends that he did not physically resist arrest or obstruct Officers Howell, Wallace, or Blalock (the "JBPD Officers") from effectuating his arrest in any way. Id. Once Officer Howell placed Reyes in handcuffs, Reyes began complaining to Officers Howell and Wallace that the

---

[2] In considering the Motion, the Court must accept all factual allegations in Reyes' Amended Complaint as true, consider the allegations in the light most favorable to Reyes, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the facts recited here are drawn from the Amended Complaint, and may well differ from those that ultimately can be proved. Because this matter is before the Court on the Motion filed by Hannah Howell, Brian Wallace, and Randy Blalock, the Court focuses its discussion on the claims and facts relative to those Defendants.

handcuffs were too tight and causing him pain. See id. Reyes repeatedly requested that the JBPD Officers loosen his handcuffs for over an hour, but they refused. Id. Officer Blalock then drove Reyes to the Duval County Pre-Trial Detention Facility in the back of his patrol car as Reyes continued to complain that the handcuffs were too tight. Id. As a result of the JBPD Officers' purported use of excessive force, Reyes alleges that he "suffered severe bodily injury and emotional distress, which were reasonably foreseeable consequences of the battery." Id. at 4. Additionally, Reyes asserts that

> [a]s a direct and proximate result of HOWELLS' conduct, Plaintiff has suffered grievously, including but not limited to severe physical injuries, permanent scarring, severe emotional distress, medical and legal costs and fees, pain and suffering, mental anguish, and loss of capacity for the enjoyment of life. Plaintiff's losses are permanent and continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.

Id.

### III.  Summary of the Arguments

Officer Howell seeks to dismiss the excessive force claim in Count I arguing that allegations of painful handcuffing, without more, "do[] not rise to the level of a cognizable excessive force claim." Motion at 6. Officer Howell also contends that Reyes' conclusory assertions regarding the seriousness of his injuries are insufficient to state a claim under the Twombly pleading standard. See id. at 7. As to the failure to intervene claim in Count III, the JBPD Officers argue that because "Count I fails to state [a] claim upon which

relief can be granted, Count III likewise fails to state a claim." Motion at 8. In response to the Motion, Reyes maintains that he "pled sufficient facts to establish that he suffered a substantial injury, and that the substantial injury was gratuitously inflicted by virtue of [Officer] Howell's unreasonably tight handcuffing . . . ." See Response at 4-5. Reyes also notes that he "expressly pled that Howell had no probable cause to arrest Plaintiff." See id. at 5. As to Officers Wallace and Blalock, Reyes asserts that he pled sufficient facts to plausibly allege that they were in a position to intervene and failed to do so. See id. at 6-7. The Court will first address the excessive force claim and then turn to Reyes' claim for failure to intervene.

## IV. Discussion

### a. Count I: Excessive Force Claim

As a preliminary matter, the Court notes that Reyes' claim in Count I must be analyzed under the Fourth Amendment rather than the Fourteenth Amendment. According to the Supreme Court:

> all claims that law enforcement officers have used excessive force – deadly or not – in the course of arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

6

Graham v. Connor, 490 U.S. 386, 395 109 S. Ct. 1865, 1871, 104 L. Ed.2d 443 (1989).

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force during the course of a criminal apprehension." Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009). However, "'Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (citation omitted). Indeed, the Eleventh Circuit recognizes that "the typical arrest involves some force and injury." See Rodriguez v. Farrell, 280 F.3d 1341, 1350 (11th Cir. 2002). "A constitutional violation only occurs when the officer's use of force is 'objectively unreasonable' in light of the totality of the circumstances at the time the force is used." Glover v. Eight Unknown D.E.A. Agents/Drug Task Force Agents from Birmingham, Ala. Task Force, 225 F. App'x 781, 785-86 (11th Cir. 2007) (citation omitted).

In evaluating a claim of excessive force, courts must use a "standard of reasonableness at the moment." Graham, 490 U.S. at 396, 109 S. Ct. at 1872.

> We do not sit in judgment to determine whether an officer made the best or a good or even a bad decision in the manner of carrying out an arrest. The Court's task is only to determine whether an officer's conduct falls within the outside borders of what is reasonable in the constitutional sense.

7

Buckley v. Haddock, 292 F. App'x 791, 794 (11th Cir. 2008). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97, 109 S. Ct. at 1872. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396, 109 S. Ct. at 1872. Because "reasonableness" cannot be defined precisely or applied mechanically, the Supreme Court has instructed that:

> its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.

Id.; see also Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir. 1993), modified, 14 F.3d 583 (11th Cir. 1994). A court uses these factors, referred to as the Graham factors, to analyze the reasonableness of an officer's use of force. See Lee v. Ferraro, 284 F.3d 1188, 1198 (11th Cir. 2002). In this regard the Eleventh Circuit instructs that "Graham dictates unambiguously that the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the

8

crime, the danger to the officer, and the risk of flight." Id. In addition to the Graham factors, the Eleventh Circuit has also set forth the following considerations for determining if force was reasonable: "(1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." Vinyard, 311 F.3d at 1347 (citing Lee, 284 F.3d at 1197-98). Significantly, the Eleventh Circuit has determined that "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal." Hendrickson v. Cervone, 661 F. App'x 961, 970 (11th Cir. 2016) (citing Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002)).

Here, in an attempt to state a claim for excessive force based on painful handcuffing despite well-settled Eleventh Circuit precedent, Reyes notes that he "expressly pled that Howell had no probable cause to arrest Plaintiff . . . ." Response at 6; Amended Complaint ¶ 12. Although he does not say so, in pointing to this allegation it appears that Reyes may be attempting to argue that because there was no probable cause to arrest him any force used was excessive force. If that is what Reyes seeks to argue, he is conflating a claim asserting an unlawful seizure with a claim asserting the use of excessive force in executing a seizure. See Holmes v. Hale, No. 2:15-CV-01383-RDP, 2016 WL 3087048, at *4 (N.D. Ala. June 2, 2016), aff'd, 701 F. App'x 751 (11th Cir. 2017). Notably, "where an excessive force claim is predicated solely on allegations the

9

arresting officer lacked the power to make an arrest, the excessive force claim is entirely derivative of, and is subsumed within, the unlawful arrest claim." Bashir v. Rockdale Cty., Ga., 445 F.3d 1323, 1332 (11th Cir. 2006). A genuine excessive force claim, in contrast, "relates to the manner in which an arrest was carried out, independent of whether law enforcement had the power to arrest." Williams v. Sirmons, 307 F. App'x 354, 358 (11th Cir. 2009) (quoting Hadley v. Gutierrez, 526 F. 3d 1324, 1329 (11th Cir. 2008)). Here, Reyes has not asserted a discrete unlawful arrest claim. Instead, he alleges a single cause of action against Officer Howell which he titled "Excessive Force – 42 U.S.C. §§ 1983, 1988 Excessive Force" and in which he asserts Howell "used excessive and unreasonable force during their [sic] arrest of Plaintiff." See Amended Complaint at 4. In the Response, despite pointing to the lack of probable cause allegation, Reyes does not even attempt to argue that he intended to plead an unlawful arrest claim. As such, absent a cause of action for unlawful arrest, Reyes' reliance on the allegation that his arrest was unlawful and any argument that any force was excessive is "misplaced." See Holmes, 2016 WL 3087048 at *4. Rather in determining whether Reyes has pled sufficient facts to plausibly support his single excessive use of force claim, "[t]he inquiry concerns whether the actual use of force by [the defendant] was excessive." Whether Officer Howell had probable cause is not relevant to this inquiry.

In an effort to show that the use of handcuffs in his case was excessive

force, Reyes alleges that his resulting injuries were "severe." See Amended Complaint at 4. However, Reyes fails to identify any particular injury or describe any medical treatment received that might demonstrate the seriousness of the injury. Indeed, he completely fails to offer any facts to support his conclusory allegations that the injury he suffered was "severe" and "substantial." See Amended Complaint at 4. In his Response, Reyes insists that

> Plaintiff has pled sufficient facts to establish a plausible claim that he suffered a substantial injury, and that the substantial injury was gratuitously inflicted by virtue of Howell's unreasonably tight handcuffing. Plaintiff specifically pled that his injury was severe.

Response at 4-5. However, Reyes' allegation that his injury was severe is not an allegation of fact, it is exactly the type of conclusory allegation that is insufficient to survive a motion to dismiss under the Twombly pleading standard. In the Amended Complaint, Reyes does not plead any facts regarding the injuries he suffered, and as such the Court has no basis from which to draw the reasonable inference that Officer Howell caused any serious injury by her purported painful handcuffing of Reyes. See id. at 678 (citing Twombly, 550 U.S. at 556).

The Eleventh Circuit has cautioned that "only the most exceptional circumstances will permit an excessive force claim on the basis of handcuffing alone." Sebastian v. Ortiz, 918 F.3d 1301, 1312 (11th Cir. 2019). In Sebastian, a defendant lieutenant appealed the district court's decision to deny his motion

to dismiss an excessive force claim brought against him based on handcuffing. Id. at 1304-05. In affirming the district court's decision, the Eleventh Circuit emphasized that "'[t]he nature and extent of physical injuries sustained by a plaintiff' are key factors in determining whether the use of force was reasonable, and here [the plaintiff] has alleged serious, permanent injuries." Id. at 1309. There, the plaintiff specifically alleged that

> the handcuffs -- which were left in place for more than five hours after he arrived at the station, long after his first complaints -- "caused constriction of the blood circulation" and "nerve damage," leading to the "permanent loss of sensation" in his hands.

Id. In contrast, in Hendrickson, the Eleventh Circuit affirmed the district court's finding that a plaintiff failed to state a claim for excessive force based on painful handcuffing. 661 F. App'x at 970. In doing so, the court explained

> [p]laintiff alleged that Sweeley "placed [P]laintiff [in a patrol car] in handcuffs behind his back [for] over three hours" and that "Plaintiff complained about the extreme discomfort due to prior shoulder injury and burn scars." However, painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal. Plaintiff never alleged, nor does he argue on appeal, that he sustained any injuries from the handcuffing.

661 F. App'x at 970 (alterations in original). While the plaintiffs in Sebastian and Hendrickson both complained of discomfort and pain from the handcuffs for a substantial period of time without relief from the officer defendants, the Eleventh Circuit only found a plausible claim for a constitutional violation where the plaintiff alleged facts demonstrating serious injuries. Here, Reyes'

12

Amended Complaint is completely devoid of any factual allegations that would be entitled to an assumption of truth that would support an inference that he sustained any injury from the handcuffing much less more than a minimal injury as would be necessary to state a claim upon which relief can be granted. Instead, Reyes merely offers the conclusory allegation that whatever injuries he purportedly suffered were "severe." This is insufficient to state a claim plausible on its face, and as such, Reyes' excessive force claim against Officer Howell is due to be dismissed.

### b. Count III: Failure to Intervene

As to Reyes' claim against Officers Wallace and Blalock for failure to intervene, the Eleventh Circuit has instructed that

> if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.³ To be held liable, the officer must both be in a position to intervene and fail[ ] to do so. Of course, there also must be an underlying constitutional violation. Plainly, an officer cannot be liable for failing to stop or intervene when there was no constitutional violation being committed.

Sebastian, 918 F.3d at 1312 (internal citations and quotations omitted). In their Motion, the JBPD Officers argue that Reyes' failure to intervene claim should be dismissed because he has failed to allege an underlying constitutional violation. See Motion at 7-8. Notably, the JBPD Officers do not challenge

---

³ 42 U.S.C. § 1983.

whether Officers Blalock and Wallace were in a position to intervene or whether they failed to do so. Accordingly, "[t]he only dispute is whether a constitutional violation occurred, so this issue turns on the analysis [the Court] has already set forth." See id. Because Reyes has failed to allege that a constitutional violation occurred, Officers Wallace and Blalock cannot be liable for failing to intervene and Count III of the Amended Complaint is also due to be dismissed.

### c. Count II: State Law Claim for Battery

Having determined that Reyes' claims under § 1983 are due to be dismissed, the Court next considers whether to continue to exercise supplemental jurisdiction over the remaining state law claim. In Count II of the Amended Complaint, Reyes asserts a claim for relief under Florida law. See Amended Complaint at 5-6. "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise jurisdiction over a state claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006). However, upon determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience in deciding whether or not to exercise that jurisdiction." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994). Upon due consideration, the Court finds that judicial economy and convenience would not be served by retaining jurisdiction over Reyes' state law claim. Thus, the Court declines to exercise supplemental jurisdiction over this claim.

For the reasons set forth above, the Court has determined that the federal claims in Counts I and III of the Amended Complaint, over which the Court has original jurisdiction, are due to be dismissed. What remains is a uniquely state law claim that is best addressed by the state courts. This case has not been pending for an extended period of time, and Reyes' time in federal court has not moved beyond determining whether his Amended Complaint states a federal claim upon which relief can be granted. The Court has not issued any dispositive rulings pertaining to the state law claim, and the discovery deadline

15

has not yet passed. See Order (Doc. 13). Thus, the procedural posture of the case weighs in favor of declining jurisdiction to allow the case to proceed fully in state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). Moreover, when, as here, the federal claims are dismissed prior to trial, district courts are "encouraged to remand remaining state claims." Lieu v. Sandy Sansing Cars, Inc., No. 3:07-cv-345-MCR-MD, 2007 WL 4287642, at *2 (N.D. Fla. Dec. 5, 2007) (citing Raney, 370 F.3d at 1089); Busse v. Lee Cty., Fla., 317 F. App'x 968, 973–74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims. 28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pretrial."). See also Carnegie-Mellon Univ., 484 U.S. at 350 n. 7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.").

16

Upon consideration of the § 1367 factors and the "traditional rationales for pendent jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court declines to exercise supplemental jurisdiction over Reyes' remaining state law claim. Accordingly, Plaintiff's state law claim in Count II is due to be remanded back to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) (directing the district court to remand state law claims over which it declines to exercise supplemental jurisdiction rather than to dismiss them, when the case was originally filed in state court and then removed to federal court).

Accordingly, it is **ORDERED:**

1. Defendant Howell, Wallace, and Blalock's Motion to Dismiss First Amended Complaint (Doc. 19) is **GRANTED**.

2. Counts I and III of Plaintiff's First Amended Complaint and Demand for Jury Trial (Doc. 11) are **DISMISSED.**

3. The final pretrial conference previously scheduled for August 22, 2022, is **CANCELLED**, and this case is removed from the September 2022 trial term.

4. The Clerk of the Court is directed to enter Judgment in favor of Defendants Hannah Howell, Brian Wallace, and Randy Blalock on Counts I and III of the Amended Complaint.

5. The Clerk is further directed to remand the remaining claim in this action to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, transmit a certified copy of this Order to the clerk of that court, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of October, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28

Copies to:

Clerk of Court, Fourth Judicial Circuit, in and for Duval County, Florida
Counsel of Record